UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE 1, | ) | CASE NO. 1:23-CV-1960 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| VARSITY SPIRIT, LLC, et al. | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

This matter is before the Court on Defendant U.S. All-Star Federation, Inc.'s ("USASF") Motion to Dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6). (ECF #4). Plaintiff has responded in opposition (ECF #10) and Defendant has replied in support. (ECF #12).

### BACKGROUND

While a minor, Plaintiff John Doe was a cheerleader and paying member of USASF. Plaintiff alleges that USASF, among others, had responsibility for vetting and authorizing coaches to work with the minor athletes. (ECF #1-1). He also alleges that USASF made representations and promises to its members about athlete safety. *Id.* This included implementing policies and procedures designed to prevent inappropriate contact between coaches and minor athletes. *Id.*

Despite these policies and procedures, Plaintiff alleges he was the victim of sexual abuse by two of USASF's authorized choreographers, Defendants Brandon Hale and Taji

1

Davis, while at an event sponsored by USASF. *Id.* Plaintiff asserts claims against multiple defendants alleged to be responsible for the incident, including USASF.

USASF seeks dismissal of all claims against it on the basis that the claims do not have sufficient factual support to make them legally cognizable against USASF. At issue before the Court is whether Plaintiff has alleged sufficient facts to make the following claims for relief plausible: Gross Negligence, Negligent Supervision, Unjust Enrichment, Negligent Security, *Respondeat Superior,* Intentional Infliction of Emotional Distress, Violation of the Consumer Sales Protection Act and Punitive Damages.

## LAW AND ARGUMENT

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990). The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), discussed *Twombly* and provided additional analysis of the motion to dismiss standard:

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Id.* at 679.

The Sixth Circuit holds the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir. 2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). The Court should disregard conclusory allegations, including legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555; *J&J Sports Prods. v. Kennedy*, No. 1:10CV2740, 2011 U.S. Dist. LEXIS 154644, at *4 (N.D. Ohio Nov. 3, 2011).

  A.  **Counts I and V – Gross Negligence and Negligent Security**

At this stage of the proceeding, under Ohio law, negligence claims require the plaintiff to allege: "(1) the existence of a legal duty owed to the injured plaintiff, (2) the defendant's breach of that duty, and (3) that an injury proximately resulted from the defendant's breach of duty." *Snay v. Burr*, 167 Ohio St.3d 123, 126 (2021) (citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989)). USASF argues Counts I and V must be dismissed for lack of a cognizable legal duty.

"Duty refers to the relationship between the plaintiff and the defendant from which arises an obligation on the part of the defendant to exercise due care toward the plaintiff." *Snay*, 167 Ohio St.3d at 126. In general, an individual has no duty to prevent a third person from harming another unless there is "a special relationship between the actor and the third person which gives rise to a duty to control, or between the actor and another which gives the other the right to protection." *Godwin v. Facebook, Inc.*, 160 N.E.3d 372, 379 (Ohio Ct. App. 2020) (citing *Fed. Steel & Wire Corp. v. Ruhlin Constr. Co.*, 45 Ohio St.3d 171, 173 (1989)). Ohio law recognizes several special relationships: (1) a business owner and an

3

invitee, (2) an innkeeper and her guests, (3) a possessor of land and an invitee, (4) a custodian and an individual taken into her custody and (5) an employer and her employee. *Godwin*, 160 N.E.3d at 380.

However, "[a] voluntary act, gratuitously undertaken, must be performed with the exercise of due care under the circumstances." *Douglass v. Salem Cmty. Hosp.*, 794 N.E.2d 107, 122 (Ohio Ct. App. 2003) (quoting *Briere v. Lathrop Co.*, 22 Ohio St.2d 166, 171-72 (1970)). "This theory of negligence does not require proof of a special relationship between the plaintiff and the defendant." *Id.* Instead, this theory "follows the general rules for finding negligence, with the addition of one extra element of proof, that of reasonable reliance by the plaintiff on the actions of the defendant." *Id.*

Plaintiff alleges USASF made representations about the safety and protection of minor athletes and functioned as a governing body of the Varsity network. (ECF #1-1.) In that capacity, Plaintiff alleges USASF implemented policies and guidelines and a vetting process to ensure the safety of minor athletes from potentially dangerous adult coaches (*Id.*), i.e., it voluntarily undertook the duty to protect Plaintiff from harm. He also alleges USASF failed to prevent Defendants Hale and Davis from accessing him when it knew they posed a threat of harm. *Id.* He further alleges Plaintiff entrusted USASF with his physical, mental and emotional care and well-being. *Id.* Accepting these allegations as true, the Court finds it is plausible that USASF voluntarily undertook a duty of care toward Plaintiff which he reasonably relied upon that USASF breached, resulting in Plaintiff's harms. Defendant's motion is **DENIED** regarding Counts I and V of the Complaint.

    B.    **Count II – Negligent Supervision**

Under Ohio law, negligent supervision claims require the plaintiff to allege: "(1) the existence of an employment relationship; (2) the employee's incompetence; (3) the employer's actual or constructive knowledge of such incompetence; (4) the employee's act or omission causing the plaintiff's injuries; and (5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries." *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66, 69 (1982); *see e.g., Sygula v. Regency Hosp. of Cleveland E.*, 64 N.E.3d 458, 471 (Ohio Ct. App. 2016).

USASF argues Plaintiff's negligent supervision claim must be dismissed because Plaintiff fails to allege an employment relationship between Davis and Hale and USASF. Plaintiff, conversely, argues that its claim may survive under Ohio law provided the defendant possessed a requisite amount of control over the alleged tort-feasors. The cases cited by Defendant address the elements of the cause of action and explicitly reference an employment relationship, but do not address nor stand for the proposition that a negligent supervision claim exists exclusively within an employer-employee relationship. Plaintiff, conversely, cites *Kline v. OID Assoc., Inc.,* 80 Ohio App.3d 393, 690 N.E.2d 564 (9th Dist. 1992) and *Brown v. Day,* 68 Ohio App.3d 447, 449, 588 N.E.2d 973, 974 (12th Dist. 1990) for the proposition that negligent supervision claims include where the relationship is supervisory, such as in a recreational soccer league (*Kline*) or collegiate athletics (*Brown*).

Plaintiff alleges Hale and Davis were authorized, credentialed representatives of USASF. (ECF #1-1.) Further, Plaintiff alleges that USASF organized cheer camps, clinics and competitions that Defendants Hale and Davis attended. *Id.* Plaintiff also alleges that USASF implemented rules and regulations intended to control Defendants Hale's and Davis's behavior at those events. *Id.* Lastly, he alleges that USASF was aware of allegations that

5

Defendants Hale and Davis had violated those policies and failed to decertify them or otherwise prevent their access to Plaintiff. *Id.*

Accepting these factual allegations as true, the Court finds that Plaintiff's negligent supervision claim survives. At this stage, Plaintiff alleges sufficient facts to plausibly state USASF had supervisory control over Defendants Hale and Davis. Defendant's motion to dismiss is **DENIED** regarding Count II of the Complaint.

    C.    **Count IV – Unjust Enrichment**

Under Ohio law, unjust enrichment claims require the plaintiff to allege: "(1) a benefit was conferred by the plaintiff on the defendant, (2) the defendant had knowledge of the benefit, and (3) the defendant retained the benefit under circumstances in which it was unjust to do so without payment." *Bunta v. Superior VacuPress, LLC,* 171 Ohio St.3d 464, 474 (2022) (citing *Hambleton v. R.G. Barry Corp.,* 12 Ohio St.3d 179, 183 (1984)).

USASF argues Plaintiff's unjust enrichment claim must be dismissed because an express contract governs the relationship between Plaintiff and USASF. In Ohio, the rule is that "[a]bsent bad faith, fraud, or some other illegality, an equitable action for unjust enrichment will not lie when the subject of the claim is governed by an express contract." *Cristino v. Administrator,* 2012-Ohio-4420, ¶ 24, 977 N.E.2d 742, 753 (Ct. App.). Here, the parties agree Plaintiff alleged a contract between him and USASF in the form of an annual membership agreement. However, the terms of that agreement are undisclosed and prevent the Court from determining whether the subject of Plaintiff's claim is governed by the contract. The mere presence of *some* agreement between the two parties does not *categorically* preclude an unjust enrichment claim. Accordingly, the Court must examine the allegations of the Complaint.

Plaintiff alleges that it paid monetary benefits to USASF in the form of annual competition and membership fees, as well as clinic fees and private training. (ECF #1-1.) Plaintiff alleges that USASF was aware of this compensation as it provided USASF with steady revenue. *Id.* Further, Plaintiff alleges that a portion of the monetary benefits was meant to support safety measures promised to Plaintiff by USASF. *Id.* Lastly, Plaintiff alleges that it experienced violations of those safety measures, resulting in an inequitable circumstance if left uncompensated by USASF. *Id.*

Accepting all the factual allegations in the Complaint as true, the Court finds it plausible that Plaintiff conferred monetary benefits upon USASF and USASF was aware of those benefits. Plaintiff alleges that part of the fees he paid for his USASF membership were earmarked for safety measures promised by USASF. Plaintiff plausibly alleges that USASF did not uphold those safety measures and Plaintiff was proximately victimized due to USASF's failure to uphold those safety measures. Accordingly, Plaintiff argues it would be unjust for USASF to retain the monetary benefits. Defendant's motion to dismiss is **DENIED** regarding Count IV of the Complaint.

D. **Count VI –** *Respondeat Superior*

Plaintiff seeks to hold USASF vicariously liable for the alleged sexual abuse by Defendants Hale and Davis. Under the doctrine of *respondeat superior*, an employer or principal can be held liable for the tortious conduct of its employee or agent. *Nat'l Union Fire Ins. Co. v. Wuerth,* 122 Ohio St.3d 594, 599 (2009); see also, *Auer v. Paliath,* 140 Ohio St.3d 276, 278 (2014). "[A]n agency relationship requires the purported principal to have the right of control over the purported agent's actions." *Fraley v. Estate of Oeding,* 138 Ohio St.3d 250, 257 (2014). In other words, when an individual retains the right to control the

7

mode and manner of the work of another, a principal-agent relationship exists. *Hope Acad. Broadway Campus v. White Hat Mgmt.,* LLC, 145 Ohio St.3d 29, 47 (2015). A principal is not liable under *respondeat superior* "unless its agent acted within the scope of [his] agency when committing a tort." *Id.* at 279.

USASF argues Plaintiff fails to allege an underlying tort committed by its employees for which it would be liable. Plaintiff, conversely, alleges that Defendants Hale and Davis were authorized, credentialed representatives of USASF. (ECF #1-1.) Further, Plaintiff alleges that USASF organized cheer events that Plaint and Defendants Hale and Davis attended. *Id.* Plaintiff also alleges that USASF implemented rules and regulations intended to control Defendants Hale and Davis's behavior at those events. *Id.* Lastly, he alleges that Defendants Hale and Davis committed a tort against Plaintiff at one of those events, in violation of the rules and regulations implemented by USASF. *Id.*

Accepting all factual allegations in the Complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court finds it plausible that USASF had the right to control the mode and manner by which Defendants Hale and Davis worked at cheer events organized by USASF. Further, Defendants Hale and Davis were allegedly authorized representatives of USASF at these events. Therefore, the tortious conduct could have been plausibly performed during the scope of Defendant Hale and Davis's agency and could plausibly give rise to liability under the doctrine of *respondeat superior*. Defendant's motion to dismiss is **DENIED** regarding Count VI of the Complaint.

E. **Count VII – Intentional Infliction of Emotional Distress**

Intentional infliction of emotional distress claims under Ohio law require a showing that: (1) the defendant intended to cause, or knew or should have known that his conduct

8

would cause plaintiff emotional distress, (2) the "conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community," (3) the defendant's actions proximately caused the plaintiff's injury and (4) the plaintiff's emotional distress was "serious and of a nature that no reasonable man could be expected to endure it." *180 Indus., LLC v. Brunner Firm Co. LPA*, No. 20-4129, 2021 U.S. App. LEXIS 20723, at *5 (6th Cir. July 13, 2021).

USASF argues that Plaintiff fails to allege the necessary intention, knowledge, or obligation to know that Plaintiff's alleged conduct would proximately cause Defendant emotional distress. USASF is correct. Plaintiff generally alleges a duty to use due and reasonable care to protect Defendant from foreseeable harm and lists alleged violations of that duty with a parade of horrible behaviors. It does not, however, allege USASF intended, knew, or should have known the alleged conduct would cause emotional distress. Failure to allege a necessary element of the claim warrants dismissal of the claim. Defendant's motion to dismiss is **GRANTED** regarding Count VII of the Complaint.

F.     **Count VIII – Violation of Consumer Sales Protection Act, R.C. 1345.02(A)**

The plain language of O.R.C. § 1345.12(C) holds that it does not apply to claims for personal injury. Plaintiff's Ohio Consumer Sales Protection Act claim reads in pertinent part: "Defendants' unfair and deceptive methods and practices have directly and proximately caused harm to [Plaintiff] including physical harm as well as harm related to contractual duties and responsibilities…." Notably absent is any allegation of economic loss. The gravamen of Plaintiff's claims are the physical injuries he suffered due to the abuse allegedly inflicted by Hall and Davis. Such claims are expressly barred by the OCSPA. See *Utz v. Howmedica Osteonics, Corp.*, No. 1:06 CV 1963, 2008 WL 11378848, at *5 (N.D. Ohio Sept.

9

19, 2008) ("In essence, the real gravamen of his case is this physical injury, and Plaintiffs cannot demonstrate his OCSPA claim without this injury. Thus, OCSPA bars Plaintiffs' claim."). *See also Kelley v. Insys Therapeutics, Inc.,* No. 3:18CV1774, 2019 WL 329600, at *7 (N.D. Ohio Jan. 25, 2019) ("OCSPA claims, then, "involve economic harm to consumers" not "a supplier's misrepresentations which resulted in physical harm to a consumer." (citation omitted)). Accordingly, Plaintiff's OCSPA claim is barred by statute.

Defendant's motion to dismiss is **GRANTED** regarding Count VIII of the Complaint.

### G. Count XI – Punitive Damages

Under Ohio law, there is no independent claim for punitive damages. *Saalim v. Walmart*, 97 F.4th 995, 1015 (6th Cir. 2024); *see also, Ross v. PennyMac Loan Servs. LLC*, 761 Fed.Appx. 491, 497 (6th Cir. 2019). Rather, punitive damages are a remedy that arises out of compensable harm. *Whetstone v. Binner*, 146 Ohio St.3d 395, 398 (2016). "[W]hen a plaintiff can establish entitlement to punitive damages, whether to impose punitive damages, and in what amount, is left to the trier of fact." *Id.*

USASF argues that Plaintiff's claim for punitive damages cannot be maintained because Plaintiff has not stated a legally cognizable claim against USASF. Its argument is predicated on resolution of the other claims in its favor. The Court has found that certain claims survive against USASF such that there might be compensable harm. Accordingly, the possibility of an award of punitive damages remains. Defendant's motion to dismiss is **GRANTED** to the extent punitive damages are listed as a claim, but **DENIED** as to attaching the same to any claim for which punitive damages are permitted as a remedy.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion. Plaintiff's claims against USASF for Intentional Infliction of Emotional Distress

10

and Violation of the Consumer Sales Protection Act are dismissed. Defendant's claims against USASF for Gross Negligence, Negligent Supervision, Unjust Enrichment, Negligent Security, *Respondeat Superior* remain.

    **IT IS SO ORDERED.**

    /s Christopher A. Boyko
    **CHRISTOPHER A. BOYKO**
    **United States District Judge**

**Dated: September 20, 2024**